IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AHMAD PHILLIPS,

    Petitioner,                    No. CIV S-08-0654 MCE GGH P

    vs.

D. K. SISTO,

    Respondent.                  <u>ORDER</u> <u>AND</u>

                                          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts two claims with regard to the California Board of Parole Hearings (BPH)'s finding on March 14, 2006 that he was unsuitable for parole: (1) that the BPH's denial of parole violated petitioner's plea agreement, in which petitioner agreed to a sentence of 15 years to life but was allegedly informed by the trial court that "he would spend ten years in prison and be parole [sic] at age 27" (Petition at 8); and (2) the BPH's decision was not supported by "some evidence."

        On February 3, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some

1

evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011).

The parties have timely filed briefing, yet for the reasons set forth in the prior order, it appears there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[1]

Claim 2 of the petition is entirely based on alleged violation of California's "some evidence" requirement. Therefore, this claim should be dismissed.

Respondent argues that Claim 1 should also be dismissed at this stage, per the arguments set forth in respondent's answer. However, the court will allow petitioner to file a traverse on the merits of Claim 2 before ruling on this claim.

Accordingly, IT IS HEREBY ORDERED THAT petitioner has twenty-eight days from the date of this order to file a traverse in support of Claim 1(violation of plea agreement).

IT IS HEREBY RECOMMENDED that Claim 2 of the instant petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District

---

[1] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

1 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
2 days after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties. Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
5 shall be served and filed within fourteen days after service of the objections. The parties are
6 advised that failure to file objections within the specified time may waive the right to appeal the
7 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8 DATED: March 22, 2011            /s/ Gregory G. Hollows

9                                  _____
                                   GREGORY G. HOLLOWS
                                   UNITED STATES MAGISTRATE JUDGE

12 phil0654.fr
   GGH:14