IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD PHILLIPS,<br><br>                    Petitioner,<br><br>          vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>                    Respondent. | No. 2:08-cv-00654-JKS<br><br>MEMORANDUM DECISION |

Ahmad Phillips, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.  Phillips is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  Respondent has answered.  Phillips has not replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

Phillips was charged with first degree murder in the Los Angeles Superior Court.  In June 1984 Phillips entered a guilty plea to a reduced charge of second degree murder and was sentenced to an indeterminate prison term of fifteen years to life.  Phillips does not challenge his conviction and sentence in these proceedings.

In March 2006 Phillips appeared in a parole consideration hearing before the California Board of Parole Hearings ("Board").  The Board, after finding that Phillips was unsuitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison, denied Phillips parole for a period of two years.  Phillips sought habeas relief in the Los Angeles Superior Court, which denied him relief in an unreported, reasoned decision.  Philips's subsequent petition for habeas relief was denied by the California Court of

Appeal, Second Appellate District, citing *In re Dannenberg*, 104 P.3d 783, 786-87 (Cal. 2005), and the California Supreme Court denied review on March 12, 2008. Philips timely filed his Petition for relief in this Court on March 21, 2008.

## II.  GROUNDS RAISED/DEFENSES

In his Petition Phillips raises two grounds: (1) the denial of parole breached his contractual plea agreement; and (2) the Board's finding was not supported by reliable evidence. This Court, adopting the findings and recommendations of the Magistrate Judge, dismissed the second ground. Respondent has not asserted any affirmative defense as to the first ground.[1]

This Court notes that, because it appears from the record that it is more likely than not that in the intervening time since his 2006 Board hearing Phillips has had one or more subsequent parole hearings, ordinarily the matter would have become moot. In this case, however, because the claim raised is that the denial of parole breached his plea agreement, in the event Phillips were to prevail the appropriate relief would be to order Phillips immediately released with an effective parole date *nunc pro tunc* to the date he should have been released on parole. Consequently, if relief were granted, it is entirely possible that Phillips's five-year post-release time on parole would have expired, in which case Phillips would be free of any restraint.

## III.  DISCUSSION

The sole question remaining before this Court is Phillips's contention that the Board's denial of parole constituted a breach of his plea agreement. For the following reasons, this Court disagrees with Phillips.

---

[1] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

That a plea agreement is a contract that must be honored by the state is well settled.[2]  In this case, however, Phillips reads his "contract" too broadly.  The proper interpretation and effect of the agreement between the State of California and Phillips in this case is a matter governed by California contract law.[3]  What Phillips received in exchange for his guilty plea was a sentence of fifteen years to life, with a *possibility* of parole at some point after he had served his minimum term.  Under California law, there is no guarantee of parole after a specified period of time, only that a prisoner will be considered for parole and granted parole *only if*, in the exercise of the discretion of the Board (or the Governor in reviewing a decision of the Board to grant parole) applying factors specified by regulations, he or she is found to be suitable for parole.[4]  The Court's review of the plea colloquy does not reveal the existence of any promise, actual or implied, of when or under what terms or conditions Phillips might be given parole, or, for that matter, that he would be granted parole at all at any time.[5]  The sole "promise" was that he would be considered for parole.  "A plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ."[6]  Nor does Phillips argue that any such agreement, if one did exist, which is doubtful, would be enforceable under California law.  Phillips is not entitled to relief under his first ground.

---

[2] *See Santobello v. New York*, 404 U.S. 257, 262-63 (1971).

[3] *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987).

[4] Cal. Penal Code § 3041; *see In re Prather*, 234 P.3d 541, 549-550 (Cal. 2010).

[5] Docket No. 1 at 128-40.

[6] *In re Honesto*, 29 Cal. Rptr. 3d 653, 660 (Ct. App. 2005).

IV.  CONCLUSION AND ORDER

Phillips is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[7]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[8]

The Clerk of the Court is to enter judgment accordingly.

Dated:  April 23, 2012.

                                          /s/ James K. Singleton, Jr.
                                          JAMES K. SINGLETON, JR.
                                          United States District Judge

---

[7] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[8] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.